MARCUS J. BRADLEY, Bar No. 174156
mbradley@marlinsaltzman.com
KILEY L. GROMBACHER, Bar No. 245960
kgrombacher@marlinsaltzman.com
MARLIN & SALTZMAN
29229 Canwood Street, Suite 208
Agoura Hills, California  91301
Telephone:     818.991.8080
Facsimile:      818.991.8081

Attorneys for Plaintiff
TYWAIN WILLIS

*Additional counsel for Plaintiff appears*
*on the following page*

JODY A. LANDRY, Bar No. 125743
jlandry@littler.com
JERRILYN T. MALANA, Bar No. 195260
jmalana@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California  92101.3577
Telephone:     619.232.0441
Facsimile:      619.232.4302

Attorneys for Defendants
AVIS BUDGET GROUP, INC., AVIS BUDGET
CAR RENTAL, LLC, and AB CAR RENTAL
SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYWAIN WILLIS, on behalf of himself, all others similarly situated, and the general public,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AVIS BUDGET GROUP, INC., a Delaware corporation, AVIS BUDGET CAR RENTAL, LLC, a Delaware limited liability company; AB CAR RENTAL SERVICES, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | Case No.  14-cv-03926-HSG<br><br>(Alameda Superior Court Case No. RG14734826)<br><br>**STIPULATED PROTECTIVE ORDER WITH CLAWBACK AGREEMENT** |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG

STIPULATED PROTECTIVE ORDER WITH
CLAWBACK AGREEMENT

*Additional counsel for Plaintiff:*

SHAUN SETAREH, Bar No. 204514
shaun@setarehlaw.com
TUVIA KOROBKIN, Bar No. 268066
tuvia@setarehlaw.com
NEIL LARSEN, Bar No. 276490
neil@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Blvd. Suite 907
Beverly Hills, California 90212
Telephone:   310.888.7771
Facsimile:   310.888.0109

Attorneys for Plaintiff
TYWAIN WILLIS

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG          2.          STIPULATED PROTECTIVE ORDER WITH
CLAWBACK AGREEMENT

Plaintiff TYWAIN WILLIS ("Plaintiff") and Defendants AVIS BUDGET GROUP, INC., AVIS BUDGET CAR RENTAL, LLC, and AB CAR RENTAL SERVICES, INC. ("Defendants") (collectively with Plaintiff as the "Parties") agree to the following procedures to protect confidential, proprietary or private information.

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The Parties agree to produce such documents only on the agreement that such "CONFIDENTIAL" Information or Items will be disclosed only as provided herein.

The Parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata, against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a party's discovery request or informal production.

The Parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Discovery Material produced, including as against third parties and other federal and state proceedings, and in addition to their agreement, need the additional protections of a court order under Federal Rule of Evidence ("FRE") 502(d) and (e) to do so.

In order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Discovery Material that have been subject to minimal or no attorney review. This Stipulated Protective Order is designed to foreclose any arguments that by making such Disclosure, the disclosure or production of Discovery Material subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine,

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                     3.              STIPULATED PROTECTIVE ORDER WITH
                                                            CLAWBACK AGREEMENT

1    or other applicable privilege:

2            (a)      was not inadvertent by the Producing Party;

3            (b)      that the Producing Party did not take reasonable steps to prevent the disclosure

4    of privileged Protected Material

5            (c)      that the Producing Party did not take reasonable or timely steps to rectify such

6    Disclosure; and/or

7            (d)      that such disclosure acts as a waiver of applicable privileges or protections

8    associated with such Discovery Material.

9            Because the purpose of this Stipulated Protective Order is to protect and preserve

10   privileged Discovery Material, the Parties agree they are bound as follows from and after the date

11   their counsel have signed it, even if such execution occurs prior to Court approval.

12           The Parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure

13   ("FRCP") 26(c), governing the disclosure of documents and information therein pertaining to

14   "CONFIDENTIAL" Information or Items on the terms set forth herein, as well as an Order, pursuant

15   to FRE 502, governing the return of inadvertently produced Protected Material and data and

16   affording them the protections of FRE 502(d) and (e), on the terms set forth herein.  The Parties

17   acknowledge that this Stipulated Protective Order does not confer blanket protections on all

18   disclosures or responses to discovery and that the protection it affords from public disclosure and use

19   extends only to the limited information or items that are entitled to confidential treatment under the

20   applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that

21   this Stipulated Protective Order does not entitle them to file confidential information under seal;

22   Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

23   applied when a party seeks permission from the court to file material under seal.

24   2.    DEFINITIONS

25        2.1    Challenging Party:    a Party or Non-Party that challenges the designation of

26   information or items under this Order.

27        2.2    "CONFIDENTIAL" Information or Items ("Confidential Information"):  information

28   (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                4.        STIPULATED PROTECTIVE ORDER WITH
                                                   CLAWBACK AGREEMENT

1    under Federal Rule of Civil Procedure 26(c).

2        2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and In-House Counsel (as

3    well as their support staff).

4        2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it

5    produces in disclosures or in responses to discovery as "CONFIDENTIAL."

6        2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium

7    or manner in which it is generated, stored, or maintained (including, among other things, documents,

8    testimony, transcripts, and tangible things), that are produced or generated in disclosures or

9    responses to discovery in this matter.

10        2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to

11    the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

12    consultant in this action.

13        2.7    <u>In-House Counsel</u>:  attorneys who are employees of a party to this action. In-House

14    Counsel does not include Outside Counsel of Record or any other outside counsel.

15        2.8    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal

16    entity not named as a Party to this action, including putative class members.

17        2.9    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action

18    but are retained to represent or advise a party to this action and have appeared in this action on

19    behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

20        2.10    <u>Party</u>:  any party to this action, including all of its officers, directors, employees,

21    consultants, retained experts, and Outside Counsel of Record (and their support staffs).

22        2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery

23    Material in this action.

24        2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services

25    (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

26    storing, or retrieving data in any form or medium) and their employees and subcontractors.

27        2.13    <u>Protected Material</u>:  any Disclosure or Discovery Material or other documents or

28    materials that are subject to attorney-client privilege, attorney-work product doctrine, or other

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                5.                STIPULATED PROTECTIVE ORDER WITH
CLAWBACK AGREEMENT

1  applicable privilege whether or not designated as "CONFIDENTIAL".

2      2.14    Receiving Party:   a Party that receives Disclosure or Discovery Material from a

3  Producing Party.

4  3.    SCOPE

5      This Stipulated Protective Order will be entered pursuant to FRCP 26(c) and FRE 502.  The

6  protections conferred by this Stipulated Protective Order cover not only Protected Material and

7  Confidential Information (as defined above), but also (1) any information copied or extracted from

8  the same; (2) all copies, excerpts, summaries, or compilations of the same; and (3) any testimony,

9  conversations, or presentations by Parties or their Counsel that might reveal the same. However, the

10  protections conferred by this Stipulated Protective Order do not cover the following information: (a)

11  any information that is in the public domain at the time of disclosure to a Receiving Party or

12  becomes part of the public domain after its disclosure to a Receiving Party as a result of publication

13  not involving a violation of this Stipulated Protective Order, including becoming part of the public

14  record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

15  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

16  information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of

17  Protected Material and/or Confidential Material at trial shall be governed by a separate agreement or

18  order.

19  4.    DURATION

20      Even after final disposition of this litigation, the confidentiality obligations imposed by this

21  Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in

22  writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

23  dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment

24  herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

25  this action, including the time limits for filing any motions or applications for extension of time

26  pursuant to applicable law.

27  5.    DESIGNATING CONDIENTIAL INFORMATION AND/OR PROTECTED MATERIAL

28      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                    6.        STIPULATED PROTECTIVE ORDER WITH
                                                      CLAWBACK AGREEMENT

Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Stipulated Protective Order (see, *e.g.,* second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a)   for information in documentary form (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins) when feasible.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                7.        STIPULATED PROTECTIVE ORDER WITH
CLAWBACK AGREEMENT

1    Party has identified the documents it wants copied and produced, the Producing Party must

2    determine which documents, or portions thereof, qualify for protection under this Stipulated

3    Protective Order. Then, before producing the specified documents, the Producing Party must affix

4    the "CONFIDENTIAL" legend to each page that contains Confidential Information and/or Protected

5    Material when feasible.  If only a portion or portions of the material on a page qualifies for

6    protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making

7    appropriate markings in the margins).

8            (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

9    Designating Party identify on the record, before the close of the deposition, hearing, or other

10   proceeding, all protected testimony.

11           (c)  for information produced in some form other than documentary and for any other

12   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

13   containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

14   portion or portions of the information or item warrant protection, the Producing Party, to the extent

15   practicable, shall identify the protected portion(s).

16           5.3    Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure to

17   designate qualified information or items does not, standing alone, waive the Designating Party's

18   right to secure protection under this Stipulated Protective Order for such material. Upon timely

19   correction of a designation, the Receiving Party must make reasonable efforts to assure that the

20   material is treated in accordance with the provisions of this Stipulated Protective Order.

21   6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

22           6.1    Timing of Challenges.   Any Party or Non-Party may challenge a designation of

23   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

24   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

25   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

26   confidentiality designation by electing not to mount a challenge promptly after the original

27   designation is disclosed.

28   / / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                    8.              STIPULATED PROTECTIVE ORDER WITH
                                                           CLAWBACK AGREEMENT

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                    9.            STIPULATED PROTECTIVE ORDER WITH
                                                          CLAWBACK AGREEMENT

Party. Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION AND/OR PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Confidential Information and Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Confidential Information and Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Confidential Information and/or Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                    10.          STIPULATED PROTECTIVE ORDER WITH
                                                          CLAWBACK AGREEMENT

1    (d)  the court and its personnel;

2    (e)  court reporters and their staff;

3    (f)  professional jury or trial consultants, mock jurors, and Professional Vendors to

4  whom  disclosure  is  reasonably  necessary  for  this  litigation  and  who  have  signed  the

5  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6    (g)  during their depositions, witnesses in the action to whom disclosure is reasonably

7  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

8  unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

9  deposition testimony or exhibits to depositions that reveal Protected Material and/or Confidential

10 Information must be separately bound by the court reporter and may not be disclosed to anyone

11 except as permitted under this Stipulated Protective Order; and

12    (h)  the author or recipient of a document containing the information or a custodian or

13 other person who otherwise possessed or knew the information.

14  8.    PROTECTED MATERIAL AND/OR CONFIDENTIAL INFORMATION SUBPOENAED

15        OR ORDERED PRODUCED IN OTHER LITIGATION

16    If a Party is served with a subpoena or a court order issued in other litigation that compels

17 disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

18 must:

19    (a)  promptly notify in writing the Designating Party. Such notification shall include a

20 copy of the subpoena or court order;

21    (b)  promptly notify in writing the party who caused the subpoena or order to issue in

22 the other litigation that some or all of the material covered by the subpoena or order is subject to this

23 Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective

24 Order; and

25    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

26 Designating Party whose Protected Material and/or Confidential Information may be affected.

27    If the Designating Party timely seeks a protective order, the Party served with the subpoena

28 or court order shall not produce any information designated in this action as "CONFIDENTIAL"

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG          11.        STIPULATED PROTECTIVE ORDER WITH
                                             CLAWBACK AGREEMENT

before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S CONFIDENTIAL INFORMATION AND/OR PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Information.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                12.                STIPULATED PROTECTIVE ORDER WITH
                                                           CLAWBACK AGREEMENT

10.     UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION AND/OR PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information and/or Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information and/or Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     CLAWBACK AGREEMENT

Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise Protected Material against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)     The inadvertent disclosure or production of Protected Material by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Protected Material.

(b)     The inadvertent disclosure or production of any Protected Material this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Discovery Material as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)     If, during the course of this litigation, a Party determines that any Discovery Material produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection:

(i)     The Receiving Party shall: (A) refrain from reading the Protected Material any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG          13.          STIPULATED PROTECTIVE ORDER WITH
CLAWBACK AGREEMENT

1   Documents believed to be privileged or protected; (C) specifically identify the Protected Materials

2   by Bates number range or hash value; and, (D) within ten (10) court days of discovery by the

3   Receiving Party, return, sequester, or destroy all copies of such Protected Materials, along with any

4   notes, abstracts or compilations of the content thereof; and (E) within 2 court days of taking the

5   actions identified in subpart (D) above, notify the producing Party of the action taken.  To the extent

6   that Protected Material has been loaded into a litigation review database under the control of the

7   Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document

8   extracted from the database.  Where such Protected Materials cannot be extracted, destroyed, or

9   separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

10  Notwithstanding, the Receiving Party is under no obligation to search or review the Producing

11  Party's Discovery Material to identify potentially privileged or work product Protected Materials.

12           (ii)     If the Producing Party intends to assert a claim of privilege or other

13  protection over Documents identified by the Receiving Party as Protected Materials, the Producing

14  Party will, within ten (10) court days of receiving the Receiving Party's written notification

15  described above that identifies the Protected Material by Bates number ,or hash value if no Bates

16  number, inform the Receiving Party of such intention in writing and shall provide the Receiving

17  Party with a log for such Protected Material that is consistent with the requirements of the Federal

18  Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the

19  event that any portion of a Protected Material does not contain privileged or protected information,

20  the Producing Party shall also provide to the Receiving Party a redacted copy of the document that

21  omits the information that the Producing Party believes is subject to a claim of privilege or other

22  protection.  The Producing Party may seek more time if the volume of data or documents is

23  substantial.

24           (d)      If, during the course of this litigation, a Party determines it has produced one

25  or more Protected Material:

26           (i)      The Producing Party may notify the Receiving Party of such

27  inadvertent production in writing, and demand the return of such material.  Such notice shall be in

28  writing, however, it may be delivered orally on the record at a deposition, promptly followed up in

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG          14.      STIPULATED PROTECTIVE ORDER WITH
                                            CLAWBACK AGREEMENT

writing.  The Producing Party's written notice will identify the Protected Material inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Material that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Material does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii)   The Receiving Party must, within five (5) court days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Material and any copies, along with any notes, abstracts or compilations of the content thereof. Destruction shall mean deletion of documents from all databases, applications, and/or file systems in a  manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.  To the extent that Protected Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Material extracted from the database.  Where such Protected Materials cannot be extracted, destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

(e)   To the extent that the information contained in Protected Material has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Material before being notified of its inadvertent production, it must take reasonable steps to retrieve it and notify the Producing Party of the identities of the person(s) to whom the disclosure was made.  To the extent the identity of these person(s) is protected by work product privilege, the Receiving Party may initially disclose the general nature of the person(s) (*e.g.,* "consultant regarding data analysis"); however, the Producing Party retains the right to seek the name(s) of such persons should it have a reasonable basis to believe that

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                    15.         STIPULATED PROTECTIVE ORDER WITH
                                                        CLAWBACK AGREEMENT

1  confidential information from a Protected Document that was inadvertently produced and clawed

2  back pursuant to this Order was disclosed and the identity of the person(s) who violated this Order is

3  unknown.  The court retains the power to order the disclosure of the identity of such persons upon

4  motion requesting such relief.

5          (f)     The Receiving Party's return, sequestering or destruction of Protected

6  Material as provided herein will not act as a waiver of the Requesting Party's right to move for the

7  production of the returned, sequestered or destroyed documents on the grounds that the documents

8  are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is

9  prohibited and estopped from arguing that:

10          (i)     the disclosure or production of the Protected Materials acts as a

11  waiver of an applicable privilege or evidentiary protection;

12          (ii)    the disclosure of the Protected Materials was not inadvertent;

13          (iii)   the Producing Party did not take reasonable steps to prevent the

14  disclosure of the Protected Materials; or

15          (iv)   the Producing Party failed to take reasonable or timely steps to rectify

16  the error pursuant to FRCP 26(b)(5)(B), or otherwise.

17          (g)    In accordance with Civil Local Rule 79-5, either party may submit Protected

18  Materials to the Court under seal for a determination of the claim of privilege or other protection.

19  The Producing Party shall preserve the Protected Materials until such claim is resolved.  The

20  Receiving Party may not use the Protected Materials for any purpose absent this Court's Order.

21          (h)    Upon a determination by the Court that the Protected Materials are protected

22  by the applicable privilege or evidentiary protection, and if the Protected Materials have been

23  sequestered rather than returned or destroyed by the Receiving Party, the Protected Materials shall

24  be returned or destroyed within five (5) court days of the Court's order.  The Court may also order

25  the identification by the Receiving Party of Protected Materials by search terms or other means.

26          (i)     Nothing contained herein is intended to, or shall serve to limit a party's right

27  to conduct a review of documents, data (including electronically stored information) and other

28  information, including without limitation, metadata, for relevance, responsiveness and/or the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG        16.        STIPULATED PROTECTIVE ORDER WITH
CLAWBACK AGREEMENT

1  segregation of privileged and/or protected information before such information is produced to
2  another party.

3          (j)      By operation of the Parties' agreement and Court Order, the Parties are
4  specifically afforded the protections of FRE 502 (d) and (e).

5  12.    MISCELLANEOUS

6          12.1    Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the right
7  of any person to seek its modification by the court in the future.

8          12.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated
9  Protective Order no Party waives any right it otherwise would have to object to disclosing or
10 producing any information or item on any ground not addressed in this Stipulated Protective Order.
11 Similarly, no Party waives any right to object on any ground to use in evidence of any of the material
12 covered by this Stipulated Protective Order.

13         12.3    Filing Confidential Information and/or Protected Material.   Without written
14 permission from the Designating Party or a court order secured after appropriate notice to all
15 interested persons, a Party may not file in the public record in this action any Confidential
16 Information and/or Protected Material. A Party that seeks to file under seal any Confidential
17 Information and/or Protected Material must comply with Civil Local Rule 79-5.   Confidential
18 Information and/or Protected Material may only be filed under seal pursuant to a court order
19 authorizing the sealing of the specific Confidential Information and/or Protected Material at issue.
20 Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the
21 Confidential Information and/or Protected Material at issue is privileged, protectable as a trade
22 secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file
23 Confidential Information and/or Protected Material under seal pursuant to Civil Local Rule 79-5(d)
24 is denied by the court, then the Receiving Party may file the information in the public record
25 pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

26         12.4    Information Security Protections.   Any person in possession of another Party's
27 Confidential Information and/or Protected Material shall maintain a written information security
28 program that includes  reasonable administrative, technical, and physical safeguards designed to

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                    17.          STIPULATED PROTECTIVE ORDER WITH
                                                         CLAWBACK AGREEMENT

protect the security and confidentiality of such Confidential Information and/or Protected Material, protect against any reasonably anticipated  threats  or hazards to the security of such Confidential Information and/or Protected Material, and protect against unauthorized  access  to or use of such Confidential Information and/or Protected Material.  To the extent a person or party does not have an information security  program they may comply with this provision by having the Confidential Information and/or Protected Material managed by and/or stored with eDiscovery vendors or claims administrators that  maintain such an information security program.

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another Party's Confidential Information and/or Protected Material, the Receiving Party shall: (1) promptly provide written  notice  to Designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and (3)  provide sufficient information about the breach that the Designating Party can reasonably ascertain  the size and scope  of the breach.  If required by any judicial or governmental request, requirement or order to disclose  such  information, the Receiving Party shall take all reasonable steps to give the  Designating Party sufficient prior notice in order to contest such request, requirement or order  through legal means.  The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall  promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Confidential Information and/or Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Confidential Information and/or Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information and/or Protected Material.  Whether the Confidential Information and/or Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                   18.          STIPULATED PROTECTIVE ORDER WITH
                                                        CLAWBACK AGREEMENT

the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information and/or Protected Material.  Notwithstanding the above:

(a) Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information and/or Protected Material.  Any such archival copies that contain or constitute Confidential Information and/or Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

(b) If any information or items designated as "CONFIDENTIAL" and produced by another Party or Non-Party has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such information (including all associated images and native files) is extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

(c) The Parties, counsel of record for the Parties, and experts or consultants for a Party shall not be required to return or to destroy any information or items designated as "CONFIDENTIAL" to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any such information is not returned or destroyed due to the foregoing reasons, such information or items designated in this action as "CONFIDENTIAL" shall remain subject to the confidentiality obligations of this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

*(Signatures of counsel appear on the following page.)*

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                    19.        STIPULATED PROTECTIVE ORDER WITH
                                                        CLAWBACK AGREEMENT

Dated: April 21, 2015

*/s/  Kiley L. Grombacher*
KILEY L. GROMBACHER
MARLIN & SALTZMAN
Attorneys for Plaintiff
TYWAIN WILLIS

Dated: April 21, 2015

*/s/  Jerrilyn T. Malana*
JERRILYN T. MALANA
LITTLER MENDELSON, P.C.
Attorneys for Defendants
AVIS BUDGET GROUP, INC., AVIS
BUDGET CAR RENTAL, LLC, and AB CAR
RENTAL SERVICES, INC.

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 21, 2015

*/s/  Jerrilyn T. Malana*
JERRILYN T. MALANA
LITTLER MENDELSON, P.C.
Attorneys for Defendants
AVIS BUDGET GROUP, INC., AVIS
BUDGET CAR RENTAL, LLC, and AB CAR
RENTAL SERVICES, INC.

* * *

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:    4/22/2015

_____
UNITED STATES DISTRICT JUDGE

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG                    20.          STIPULATED PROTECTIVE ORDER WITH
CLAWBACK AGREEMENT

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in

its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on [date] in the case of *Tywain Willis v. Avis*

*Budget Group, Inc., et al.,* Case No. 14-cv-03926-HSG (JCS).  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related

to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

Firmwide:131967291.4 035682.1123

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 14-CV-03926-HSG        21.        STIPULATED PROTECTIVE ORDER WITH
                                           CLAWBACK AGREEMENT

**WILLIS V. AVIS BUDGET GROUP, INC., ET AL.**
USDC-Northern District - Case No. 3:14-cv-03926-KAW

### PROOF OF SERVICE

I, MARIA RUVALCABA, certify and declare as follows:  I am employed in San Diego County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 501 West Broadway, Suite 900, San Diego, California  92101.3577.

On April 21, 2015, I caused the following documents:

### STIPULATED PROTECTIVE ORDER WITH CLAWBACK AGREEMENT

To be electronically filed with the Clerk of the Court through the Court's CM/ECF system.  It is my understanding that the CM/ECF system will automatically send a "Notice of Electronic Filing" to the registered users in the case and that the "Notice of Electronic Filing" will constitute service of the above-listed document(s) on the following:

| | |
|---|---|
| Shaun Setareh, Esq.<br>Setareh Law Group<br>9454 Wilshire Boulevard, Suite 907<br>Beverly Hills, CA  90212<br>Attorney for Plaintiff | shaun@setarehlaw.com |
| Tuvia Korobkin, Esq.<br>Setareh Law Group<br>9454 Wilshire Boulevard, Suite 907<br>Beverly Hills, CA  90212<br>Attorney for Plaintiff | tuvia@setarehlaw.com<br><br>tko@laborlitigators.com |
| Neil Larsen, Esq.<br>Setareh Law Group<br>9454 Wilshire Boulevard, Suite 907<br>Beverly Hills, CA  90212<br>Attorney for Plaintiff | neil@setarehlaw.com |
| Marlin @ Saltzman, LLP<br>Marcus J. Bradley, Esq.<br>Kiley L. Grombacher, Esq.<br>29229 Canwood Street, Sutie 208<br>Agoura Hills, CA  91201 | mbradley@marlinsaltzman.com<br><br>kgrombacher@marlinsaltzman.com |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1    I declare that I am employed in the office of a member of the bar of this court at

2    whose direction the service was made.   Executed on April 21, 2015, at San Diego, California.

Maria Ruvalcaba

Firmwide:133039056.1 035682.1123
4/21/15

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2.

Case No. 3:14-cv-02926-KAW                                        PROOF OF SERVICE